UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ATLANTIC CASUALTY INSURANCE
COMPANY, a foreign corporation,

        Plaintiff,                CASE No.:

vs.

RIVERFRONT ASSOCIATES, LLC,
JACK WISENBAKER, individually, and
JACK WISENBAKER CONSTRUCTION,
INC.

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), through its undersigned counsel, sues Defendants, RIVERFRONT ASSOCIATES, LLC, JACK WISENBAKER individually, and JACK WISENBAKER CONSTRUCTION, INC., for declaratory relief and alleges as follows:

### Nature of Suit

1. This is an action for declaratory relief to declare the rights and obligations of parties under a policy of liability insurance. ACIC seeks a declaration that no coverage is afforded under its commercial general liability insurance policies for any damages which have been alleged against its insureds, Defendants, JACK WISENBAKER ("WISENBAKER") and JACK WISENBAKER

CONSTRUCTION, INC. ("JWC"), in the underlying *Riverfront* action and that ACIC has no duty to defend or indemnify these Defendants in that action.

2. This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded to Defendants, WISENBAKER and JWC (collectively "WISENBAKER DEFENDANTS") under ACIC's policies.

### Jurisdiction and Venue

3. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

4. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a liability insurance policy.

5. The underlying *Riverfront* action was initiated by RIVERFRONT ASSOCIATES, LLC ("RIVERFRONT"), which alleges JWC contracted with RIVERFRONT to build a saltwater mitigation bank (the "Project").

6. The policies of insurance, which are the subject of this lawsuit, afford coverage subject to a limit of $1,000,000. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the incident giving rise to the present claim for declaratory relief occurred in this district and because the underlying *Riverfront* action is pending in this district.

8. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

9. Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina.

10. Defendant, RIVERFRONT is a Florida limited liability company authorized to conduct business and is conducting business in Duval County, Florida. RIVERFRONT consists of three member, Thomas F. Beekler, Richards C. Haskew, and Enoch Poon, all of whom are all citizens of Florida.

11. Defendant, JWC is a Georgia corporation with its principal place of business in Valdosta, Georgia, and is a foreign corporation registered to do business in the state of Florida.

12. Defendant WISENBAKER is a citizen of Georgia and is otherwise *sui juris*.

13. Defendant RIVERFRONT is being named in this coverage action solely as an interested party. ACIC seeks no affirmative relief from RIVERFRONT other than to bind it to any judgment which may be entered in this coverage action.

## Underlying *Riverfront* Action

14. RIVERFRONT is the owner of real property located in Duval County, Florida, along Heckscher Drive, and along the shoreline of the St. Johns River (the "Property").

15. The construction Project which forms the basis of the *Riverfront* action, is a mitigation banking project built on land owned by RIVERFRONT.

16. JWC contracted with RIVERFRONT to build a saltwater mitigation bank. As part of the contract, JWC agreed that a significant amount of dirt needed to be removed from the Project site, and that JWC would remove the dirt from the Project site in a manner that was the most cost effective and advantageous solution for Riverfront.

17. On November 21, 2021, RIVERFRONT filed a lawsuit styled *Riverfront Associates, LLC v. Jack Wisenbaker Construction, Inc., et al.* Case # 2017-CA-007292, which was filed and is currently pending in the Circuit Court for Duval County, Florida ("*Riverfront* action"). A copy of the Second Amended Complaint, which is the operative pleading in the *Riverfront* action is attached hereto as **Exhibit "A"** and is incorporated herein.

18. The *Riverfront* lawsuit sought damages resulting from the alleged breach of the contract by JWC.

19. The *Riverfront* action alleges that JWC and WISENBAKER:

    a. Failed to obtain Florida contractor's licenses to perform their underground utility work;

    b. Did not hire a licensed qualified subcontractor;

    c. Failed to perform their work on the Project properly;

    d. Failed to complete their work under the contract and abandoned the Project on or about April 21, 2017;

    e. Failed to complete clearing and excavation of the 7.55 acres of the Project lying south of Heritage River Road, the soil/dirt and material from the 10.9 acres of the Project lying north of Heritage River Road, and, soil/dirt and material from stockpiles on the Projectl

    f. Caused Riverfront property damage due to their failure and refusal to remove material/soil/dirt from the Project;

    g. Failed to properly construct or oversee the construction of the culverts for the Project;

    h. Billed for work that they did not perform and for work they performed improperly, incompletely, and incorrectly;

    i. Change order requests were baseless;

j. Withheld or failed to disclose important information relating to the Project's site and conditions; and

k. Did not make pertinent site information available to Riverfront and critical consultants for whom the information was consequential.

20. According to the Second Amended Complaint, JWC and WISENBAKER had knowledge and understanding of the Project's environmental conditions, which were the subject of Touring's professional opinions and recommendations as it relates to the existing levels of arsenic.

21. The Second Amended Complaint asserts six (6) counts against WISENBAKER DEFENDANTS as follows:

| Count III | Breach of Contract (*RIVERFRONT v. JWC*) |
|---|---|
| Count IV | Unfair and Deceptive Trade Practices (*RIVERFRONT v. JWC*) |
| Count V | Unfair and Deceptive Trade Practices (*RIVERFRONT v. WISENBAKER*) |
| Count VI | Disgorgement, Restitution & Refund (*RIVERFRONT v. JWC*) |
| Count VII | Negligence/Malfeasance/Misfeasance (*RIVERFRONT v. JWC*) |
| Count X | Fraudulent Lien (*RIVERFRONT v. JWC*) |

22. ACIC has agreed to defend the WISENBAKER DEFENDANTS in connection with claims alleged against them in the *Riverfront* action, subject to a complete reservation of rights.

## ACIC's Policies

23. ACIC issued the following four consecutive Commercial General Liability policies to JWC as the named insured. (referred to herein as the Policies):

| Policy # | Policy Period | Attached as |
| --- | --- | --- |
| L201000577 | 01/04/2016- 01/04/2017 | Exhibit "B" |
| L201000577-1 | 01/04/2017 - 01/04/2018 | Exhibit "C" |
| L201000577-2 | 01/04/2018 - 01/04/2019 | Exhibit "D" |
| L201000577-3 | 01/04/2019 - 01/04/2020 | Exhibit "E" |

24. Defendant, WISENBAKER, qualifies as an insured under the Policy.

25. Under Coverage A, all Policies afford coverage for "bodily injury" and "property damage" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit"

>> seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

26. The Policies contain the following definition of "property damage" as amended by endorsement (AGL-106 03-13):

> 17. "**Property Damage**" means:
>
> **a.**  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.**  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence' that caused it.
>
> However, "property damage" does not include breach of contract, breach of any express or implied warranty, deceptive trade practices or violation of any consumer protection laws.
>
> "Property Damage does not include any cost or expense to repair, replace or complete any work to any property that you, or any insured, are otherwise obligated to repair, replace or complete pursuant to the terms of any contract."

27. The Policies contain the following definition of "pollution" as amended by endorsement (AGL-114 03-13):

> 15. "Pollutants" means solid, liquid, gaseous, or thermal irritant or contaminant or any material for which a Material Safety Data Sheet is required pursuant to federal, state or local laws, where ever discharged, dispersed, deposited, seeping, migrating or released, including onto or into the air or any air supply, water or any water supply or land, including but not limited to petroleum, oil, heating

8

oil, gasoline, fuel oil, carbon monoxide, industrial waste, acid, alkalis, chemicals, waste, treated sewage; and associated scent or scents, smoke, off gas or off gases, vapor, soot and fumes from said substances. Waste includes material to be recycled, reconditioned, or reclaimed.

28. The Policies contain the following exclusion, which was added by endorsement (AGL-169 10-16):

**EXCLUSION – BREACH OF CONTRACT**

This insurance does not apply to any claim, loss, costs or expense and no duty to defend is provided by us for 'bodily injury', or 'property damage', 'personal injury' and 'advertising injury' for claims, 'suits', allegations accusations, charges, whether written or oral, express or implied for breach of contract, breach of an implied in law or implied in fact contract. This exclusion also applies to any additional insured under this policy.

29. The Policies contain the following exclusion, which was added by endorsement (AGL-005- 10-10):

**EXCLUSION – INDEPENDENT CONTRACTORS OR SUBCONTRACTORS**

This insurance does not apply to any claims, loss, costs or expense arising out of or related to the action(s) or inaction(s) of independent contractors or subcontractors by or on behalf of any insured; or for the negligent hiring, training, supervision, direction, inspection, investigation, management or retention of independent contractors or subcontractors by or on behalf of any insured.

30. The Policies contain the following exclusion, which was added by endorsement (AGL-131 03-13):

**EXCLUSION – CLAIMS IN PROCESS**

The following exclusion is added to 2. Exclusions under SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

This insurance does not apply to:

1. any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown:

> a. which first occurred prior to the inception date of this policy; or
>
> b. which is, or is alleged to be, in the process of occurring as of the inception date of this policy.

2. any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.

We shall have no duty to defend or indemnify any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage", unless any insured can demonstrate this endorsement does not apply.

31. The Policies contain a Total Pollution Exclusion as amended by endorsement (AGL064 03-13):

**EXCLUSION – TOTAL POLLUTION**

Exclusion f. under paragraph 2. EXCLUSIONS of SECTION I – COVERAGES, COVERAGE A – BODILY

> INJURY AND PROPERTY DAMAGE LIABILITY is replaced by the following:
>
> This insurance does not apply to:
>
> **f. Pollution**
>
> (1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> (2) Any loss, cost or expense arising out of any:
>
> (a) Request, demand, order or statutory requirement that any insured or others test for, monitor, clean up, removal, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or
>
> (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, clean up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants"

32. The Policies contain the following endorsement (AGL-066 03-13), which limits coverage as follows:

> **LIMITATION – MAXIMUM AVAILABLE LIMIT OF INSURANCE**
>
> When two or more coverage forms, coverage parts or policies are issued by us:
>
> This endorsement applies to all coverage forms or coverage parts and policies providing "bodily injury" and "property damage" and/or damage to premises rented to you and/or medical payments and/or "products-completed operations" and/or "personal and advertising injury"

11

> For any loss, claim, costs or expense arising out of one occurrence:
>
> If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same occurrence, the maximum per occurrence Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy.
>
> This endorsement applies to any insured including, but not limited to, any additional insured.

33. The Policies contain the following endorsement (AGL-077 03-13), which provides:

> **INSURING AGREEMENT AMENDMENT – USE OF EXTRINSIC EVIDENCE – RIGHT TO DEFEND**
>
> A. Paragraph 1. a. of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend the insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to

>determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation and provided that evidence relates to a discrete coverage issue under the policy and not a merits or liability issue. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

## COUNT I – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND & INDEMNIFY JWC AND WISENBAKER IN THE UNDERLYING ACTION

34. ACIC incorporates and restates the allegations stated in paragraphs 1-32 as though the same were fully set forth herein.

35. ACIC seeks a declaration of its rights and obligations under the subject Policy, including its duty to defend or indemnify Defendants, JWC and WISENBAKER, with respect to damages which have been alleged against them in the underlying *Riverfront* action.

36. It is the position of ACIC that no coverage is afforded under Coverage A of the Policy for any claims which have been alleged in the underlying *Riverfront* action because the claims do not allege the existence of any "bodily injury" or "property damage" as those terms are defined in the Policy and under Florida law.

37. It is the position of ACIC that the damages alleged in against these Defendants in the underlying *Riverfront* action are excluded from coverage under one or more exclusions which are contained in the Policy.

38. In addition, it is the position of ACIC that the policies contain an endorsement, which limits coverage under two or more policies to a single limit, and therefore the maximum amount of coverage available for all claimed damages is $1,000,000.

39. Accordingly, it is the position of ACIC that it has no duty to defend or indemnify Defendants, JWC and WISENBAKER in the underlying *Rivefront* action.

40. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

41. An actual, present and justiciable controversy exists between ACIC and its insureds, Defendants, JWC and WISENBAKER, warranting the entry of declaratory judgment by this Court.

42. Defendants RIVERFRONT has been named in this action only insofar as it may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendants declaring that:

    A. The subject ACIC Policies do not afford coverage for Defendants, JWC and WISENBAKER, for any damages claimed against them in the underlying *Riverfront* action;

    B.    ACIC has no duty to defend or indemnify Defendants, JWC and WISENBAKER, with respect to any claims alleged against them in the *Riverfront* action;

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

## COUNT II – DECLARATORY JUDGMENT AS TO MAXIMUM AMOUNT OF INDEMNITY COVERAGE AVAILABLE UNDER ALL ACIC POLICIES

43. ACIC incorporates and restates the allegations stated in paragraphs 1-32 as though the same were fully set forth herein.

44. Alternatively, ACIC seeks a declaration as to the total amount of indemnity coverage which is available under all four ACIC policies for all damages claimed in the underlying *Riverfront* action.

45. It is the position of ACIC that pursuant to the terms of Endorsement AGL-066 03-13, which is contained in all ACIC Policies, coverage under two or more policies is limited to the highest coverage limit of any one policy.

46. Accordingly, it is the position of ACIC that to the extent that any indemnity coverage is available under any of its four policies, the total amount of such indemnity coverage is limited to $1,000,000.

47. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

96170\314553426.v1

48. An actual, present and justiciable controversy exists between ACIC and its insureds, Defendants, JWC and WISENBAKER, warranting the entry of declaratory judgment by this Court.

49. Defendants RIVERFRONT has been named in this action only insofar as it may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendants declaring that the total amount of indemnity coverage which may be available under all ACIC Policies, if any, is limited to $1,000,000.

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

DATED: August 28, 2023

**HINSHAW & CULBERTSON, LLP**

By: */s/ Gary Khutorsky*
Gary Khutorsky, Esq. (FBN 814271)
gkhutorsky@hinshawlaw.com
Stephanie H. Carlton, Esq. (FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
Fax: 954-467-1024
*Attorneys for Plaintiff, Atlantic Casualty Insurance Company*